```
              IN THE UNITED STATED DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

FRANK N. SIGNORIELLO, JR.        *

                Plaintiff,       *

           vs.                   *   CIVIL ACTION NO. MJG-11-3077

MOTIVA COMPANY                   *

                Defendant        *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendant Motiva Company's Motion to Dismiss Amended Complaint [Document 18] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND

   A.   Alleged Facts[1]

Plaintiff Frank Signoriello, Jr. ("Signoriello") was an employee of Defendant Motiva Company ("Motiva") from October 2000 until July 2011. Signoriello worked for Motiva at the Curtis Bay Terminal in Baltimore, Maryland until 2008, during which time he was promoted to the position of Terminal Supervisor. In 2008, Plaintiff was transferred to Brooklyn, New

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendant.

York, where he was again promoted to Terminal Supervisor in 2009.

At the outset of his employment, he was provided with a copy of the Motiva Code of Conduct ("the Code"). The Code is intended to "cover all compliance requirements" and "crystallize the basic rules, standards, and behaviors" for Motiva employees. See Mot., Ex. A at 7-8. The Code states, in relevant part:

> Every employee, director or officer in Motiva must follow the Code of Conduct. . . . If you believe a provision of the Code of Conduct has been or is being violated, you have a responsibility to raise your concerns with someone who can deal with the situation. You can do this through the normal management or Human resources channels or by contacting the Compliance Office. . . . You can be absolutely sure that retaliation of any kind directed against anyone who reports an issue concerning the Code of Conduct will not be tolerated. Motiva will protect its employees against retaliation; in turn, it expects employees who know or suspect that retaliation has taken place to report it through the Helpline or directly to the Compliance Office. . . . Employees who violate the Code or any laws or regulations may also be subject to internal disciplinary action, including termination of employment.

Id.

When Signoriello received the Code, he signed an "Acknowledgement of Receipt," which states:

> These provisions and policies shall apply to my employment with the Company and, where applicable, after leaving my employment by the Company or any related company. They

>       [sic] policies do not change the fact that I
>       may leave the Company's employ at any time
>       for any reason.  Likewise, the Company is
>       not committed to any fixed term of
>       employment for me.

Mot., Ex. B.

In or about 2009, Signoriello began "raising compliance issues with management" regarding the conduct of his direct supervisor, James Lintz ("Lintz").  Am. Compl. ¶ 13. Signoriello raised issues regarding Lintz's alleged Code violations such as receiving improper kickback payments from Motiva vendors, ordering Signoriello to remove the vending machines of vendors who would not pay the kickback, and requiring Signoriello to "fabricate reasons for firing certain probationary employees."  Id.  Signoriello "refus[ed] to engage in unlawful and/or otherwise prohibited conduct" and also began "collecting evidence of violations" of the Code.  Id.

Shortly thereafter, Lintz and other agents of Motiva began to harass Signoriello in retaliation for his whistle blowing, creating a hostile and distressing work environment.  By April of 2011, Signoriello felt unable to function in that environment, took disability leave under the care of a psychiatrist, and moved back to Maryland.  As a result of Signoriello's whistle blowing, Motiva terminated Signoriello's employment on July 21, 2011.

B.  Procedural Setting

Signoriello filed the Complaint in the Circuit Court for Baltimore City on October 3, 2011.[2]  Motiva filed its Notice of Removal to the United States District Court for the District of Maryland on October 28, 2011.  Signoriello filed the Amended Complaint [Document 14] in this Court on December 12, 2011, asserting a single claim for breach of contract.  Motiva seeks dismissal of the claim.

II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  Id.  A complaint must

---

[2]  Signoriello originally asserted three claims - breach of contract, wrongful discharge, and intentional infliction of emotional distress.

4

allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. DISCUSSION

Motiva contends that it is entitled to dismissal because:

1. The Code's statement that retaliation will not be "tolerated"[3] is insufficiently "definite and specific" and thus cannot be seen as a modification of the at-will employment contract. See Mot. at 9-10.

2. Any contractual intent with regard to the Code was disclaimed in the Acknowledgement of Receipt (of the Code) signed by Signoriello.

The Court will address these contentions in turn.

---

[3]     Mot., Ex. A at 8.

5

A.   The Definite and Specific Issue

Under Maryland law, at-will employment is defined as an employment contract of indefinite duration, which can be legally terminated at the pleasure of either party at any time. Adler v. American Standard Corp, 432 A.2d 464, 467 (Md. 1981). In an at-will relationship, an employee may be fired "for any reason, even a reason that is arbitrary, capricious, or fundamentally unfair." Towson Univ. v. Conte, 862 A.2d 940, 949 (Md. 2004). However, this "rule is not without exceptions." Scott v. Merck, 2010 WL 4941994, at *3 (D. Md. 2010) (Legg, J.). As pertinent hereto, "an employment contract, though of indefinite duration, may be so modified by a personal policy statement as to require an exception to the common law at-will doctrine and limit the employer's discretion to terminate an employee." Id.

Maryland follows the objective law of contracts. Id. Accordingly, the Court must "determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated." Gen. Motors Acceptance Corp. v. Daniels, 492 A.2d 1306, 1310 (Md. 1985). It is well established that "[n]ot every statement made in a personnel handbook . . . will rise to the level of an enforceable covenant." Staggs v. Blue Cross of Md., 486 A.2d 798, 804 (Md. Ct. Spec. App. 1985). Thus, the relevant question is whether any benefits promised in the Code are sufficiently

6

"definite and specific [and] capable of objective application in discrete cases" such that they may be understood to modify the employment contract. <u>Scott</u>, 2010 WL 4941994, at *3 (citing <u>MacGill v. Blue Cross of Md., Inc.</u>, 551 A.2d 501 (Md. Ct. Spec. App. 1989)).

In the context of a motion to dismiss, Plaintiff need only allege facts that present the basis for a claim that is at least plausible. In the instant case, the Code statement requires an employee to raise concern if he/she believes that the Code has been violated. Indeed, the Code expressly states that in return for reporting known or suspected Code violations, the employee will be protected against retaliation.

> . . . You can be absolutely sure that retaliation of any kind directed against anyone who reports an issue concerning the Code of Conduct will not be tolerated. Motiva will protect its employees against retaliation; in turn, it expects employees who know or suspect that retaliation has taken place to report it through the Helpline or directly to the Compliance Office. . .

Certainly, the "definite and specific" issue will be evaluated in light of the totality of the pertinent evidence at a later stage of the case. However, Motiva is not entitled to dismissal on the basis that the statement relied on is insufficiently definite and specific. <u>See</u> <u>Belgasem v. Water Pik Tech.</u>, 457 F. Supp. 2d 1205, 1220 (D. Colo. 2006) (stating in a

7

summary judgment context:[4] "a reasonable juror could conclude that ['It is the duty of every employee who discloses a violation of Company policy to report the violation immediately without fear of reprisal'[5]] constitutes a commitment by [the employer] rather than a general statement of policy."); see also Scott v. Merck, 2010 WL 4941994, (D. Md. 2010) (holding sufficiently specific and definite, in a summary judgment context, the statement: "All [employees] are strictly prohibited from engaging in retaliation or retribution . . . which is directed against an individual on the basis of or in reaction to that individual [sic] making a good faith report to the Company . . . of suspected violations of [law or company policies]."). Cf. McCall v. American Airlines, 695 F. Supp. 2d 1225, 1254-55 (N.D. Okla. 2010) (granting summary judgment against the employee where the code of conduct held that the statement "the company will not tolerate retaliation or retribution" was insufficient by itself to create an implied contract).[6]

---

[4] Granting summary judgment on other grounds.
[5] Emphasis in original handbook.
[6] Motiva also cites decisions that do not appear particularly pertinent to the instant issue. E.g. King v. Marriott Intl., Inc., 520 F. Supp. 2d 748 (D.S.C. 2007)(relying on disclaimer); Ayers v. ARA Health Services, 918 F. Supp. 143, 148 (D. Md. 1995) (company policy of "behav[ing] in an ethical manner" was insufficiently specific); Conkwright v. Westinghouse Elec. Corp., 739 F. Supp. 1006, 1020-21 (D. Md. 1990) (promises of "fair treatment" and "equal opportunity" mere precatory aspirations).

The Court finds that the alleged facts support a plausible claim that the Code statement at issue is sufficiently definite and specific to constitute an enforceable promise.

B.  The Disclaimer

The Maryland Court of Special Appeals has held that justifiable reliance on a statement in an employee handbook "is precluded where . . . contractual intent has been expressly disclaimed." Castiglione v. Johns Hopkins Hosp., 517 A.2d 786, 794 (Md. Ct. Spec. App. 1986).  However, the court later acknowledged that "not every disclaimer in an employer's employee manual . . . will effectively disclaim contractual liability." Elliott v. Board of Trustees of Montgomery Cnty., 655 A.2d 46, 50 (Md. Ct. Spec. App. 1995).  "The clarity with which a provision in the employee handbook disclaims contractual intent will determine the viability of an employee's claim that he or she justifiably relied on provisions in that handbook." Haselrig v. Pub. Storage, Inc., 585 A.2d 294, 300 (Md. Ct. Spec. App. 1991).

In the instant case, Signoriello signed an "Acknowledgement of Receipt" form,[7] which included the statement:

> [The Code's] policies do not change the fact
> that I may leave the Company's employ at any
> time for any reason.  Likewise, the Company

---

[7]  See Mot., Ex. B.

9

>     is not committed to any fixed term of
>     employment for me.

Judge Legg, of this Court, applying Maryland law, declined to grant summary judgment on the basis that the following disclaimer was effective:

>     Employment at Merck is at-will which means
>     that employees are not hired for a specific
>     duration of time and that either Merck or
>     the employee may sever the employment
>     relationship at any time, for any reason,
>     with or without notice.  Furthermore, none
>     of the Company's written or unwritten
>     programs, policies or practices should be
>     viewed as creating any promises or
>     contractual rights to employment or the
>     benefits of employment.

Scott, 2010 WL 4941994, at *3.

Judge Legg stated:

>     Reasonable people in the parties' situation
>     would be justified in determining that,
>     notwithstanding Merck's recitation that
>     employment was at-will and that no "written
>     or unwritten programs, policies or practices
>     should be viewed as creating any promises or
>     contractual rights," it had undertaken to
>     limit the circumstances in which it would
>     terminate its employees in exchange for
>     assurances that they, in turn, would feel
>     comfortable reporting potential violations
>     of law or company policy.

Id. at *5.

The instant case involves a disclaimer statement that is even "weaker" than the statement dealt with in Scott.  In the instant case, it is at least plausible that a jury properly

10

could find that reasonable people in the parties' positions would view the disclaimer as not negating the express Code statement that if employees comply with the requirement to report violations, they will not face retaliation.

Accordingly, Motiva is not entitled to dismissal by virtue of its disclaimer defense.

V. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant Motiva Company's Motion to Dismiss Amended Complaint [Document 18] is DENIED.

2. Plaintiff shall arrange a case planning telephone conference to be held by July 20, 2012.

SO ORDERED, on <u>Monday July 2, 2012</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge

11